UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18CR0390 AGF ) |
| RAYMOND ANDERSON, | ) ) |
| Defendant. | ) ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION THAT THE COURT LACKS JURISCITION.**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said district, and files its Response to Defendant's Motion That The Court Lacks Territorial Jurisdiction.

## I. INTRODUCTION

Defendant moves to dismiss the indictment against him because he does not believe the federal government has territorial jurisdiction over this case. Doc. #98.

The defendant's motion that the Court lacks territorial jurisdiction should be dismissed as the federal government does have jurisdiction to prosecute the offenses with which the defendant has been charged.

## II. FACTUAL BACKGROUND[1]

A. Online Investigation.

---

[1] The background and factual summary information provided is intended as a general guide to aid the Court. It is not intended as a comprehensive statement of the government's case.

On August 26, 2015, Sgt. Robert Muffler of the St. Louis Police Department was conducting an authorized undercover online investigation into child pornography on Emule. Emule is an online peer-to-peer network that operates on the internet. During the online internet investigation, Sgt. Muffler located an IP address that was offering to share files of child pornography on Emule. Sgt. Muffler was able to download a video of child pornography from that IP address. A subpoena was sent to Charter Communications for subscriber information. Charter responded that the IP address belonged to "D.A." at 5204A South Kingshighway, St. Louis, Missouri, at the date and time of the download.

B. Search Warrant

On September 16, 2015, Det. Wilferd and Det. Spreck applied for and received a search warrant for a home located at 5204A South Kingshighway, St. Louis, Missouri. On September 17, 2015, the search warrant was executed upon the home. The defendant, Raymond Anderson, lived in the home with "D.A.," his roommate. The defendant and his roommate came home right before the police executed the search warrant. Det. Wilferd interviewed the defendant at the home after advising him of his *Miranda* rights. The defendant admitted to Det. Wilferd that he utilized peer-to-peer programs to search for child pornography. Detectives also interviewed the roommate, who denied downloading any child pornography. Police seized from the home the defendant's computer, phone, and thumb drive.

C. Interview:

The defendant was taken to the St. Louis Police Department and was interviewed again by police. Det. Wilferd re-read the defendant his *Miranda* rights, the defendant consented to being interviewed. In general, the Defendant stated he built his tower computer and it was

2

located in the bedroom. The defendant admitted that his tower computer would have child pornography on it. The defendant admitted to searching the internet for child pornography for the last ten years and that he stored a collection of child pornography images and videos. The defendant admitted to using search terms such as: "PTHC," "Kiddy Porn," and "1 yo."

    D.  Forensics.

Officer Bob O'Neal with the St. Charles County ICAC team completed the forensics on the defendant's computer devices. P.O. O'Neal found child pornography located on two of the devices: the defendant's computer tower and his Sandisk flash drive. Within the defendant's computer was a Samsung hard drive that contained 371 video files and 837 image files of child pornography. Evidence of Emule software was also located on the computer's hard drive. On the defendant's Sandisk thumb drive, Officer O'Neal located 380 video files and 644 image files of child pornography. The Samsung hard drive and the Sandisk thumb drive were both produced outside of the United States and have traveled in interstate and foreign commerce. All of these images and videos were of prepubescent minor children engaged in sexually explicit conduct, and some portrayed sadistic or masochistic conduct, or other depictions of violence.

### III. LEGAL ANALYSIS OF JUSRISDICTIONAL ISSUE.

  A.  <u>Congress Has the Power Under the Commerce Clause to Criminalize Child Pornography</u>.

The defendant argues that the United States does not have territorial jurisdiction over his home address at the time of the crime, 5204 South Kingshighway, St. Louis, Missouri. The defendant is correct that the United States government does not own that property and it is not a "territory or possession of the United States." However, the government is not alleging that

jurisdiction over the defendant's crimes is based on territorial jurisdiction. As alleged in the indictment, the district court has jurisdiction over the defendant's offenses because he used the internet, "a means or facility of interstate commerce," and stored the images on devices that have traveled in "interstate and foreign" commerce. Doc. #2. As defined in the indictment the "internet" is a computer communications network using interstate and foreign lines to transmit data streams . . ." Doc. #2 at paragraph 2.   The Sandisk flash drive, that contained child pornography images that is charged in Count Three of the indictment, was produced outside of the state of Missouri, and therefore has "traveled in interstate and foreign commerce." Doc. 2.

Under the Commerce Clause, the federal courts have jurisdiction over these crimes. The Constitution authorizes Congress "to regulate Commerce with foreign Nations, and among the several States and with the Indian Tribes." U.S. Const. art. I, § 8, cl.3.   The Supreme Court has identified three broad categories of activity that Congress may regulate under its commerce power: (1) the use of the channels of interstate commerce, (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, and (3) activities that substantially affect interstate commerce.  *See United States v. Lopez*, 514 U.S. 549, 558-59 (1995) (citations omitted); *see also United States v. Morrison*, 529 U.S. 598, 608-09 (2000).

First, Congress has the power and authority under the Commerce Clause to punish those who transport, receive, and possess files of child pornography over the internet or on devices that move in interstate commerce.   The defendant's position is contrary to abundant binding precedent that Congress had authority under the Commerce Clause to enact Sections 2252A(a)(2) and 2252A(a)(5)(B).   *United States v. Mugan*, 441 F.3d 622, 630 (8th Cir. 2006); *United States v. Hampton*, 260 F.3d 832, 834-35 (8th Cir. 2001); *United States v. Bausch,* 140 F.3d 739, 740 (8th Cir. 1998)." *United States v. MacEwan*, 445 F.3d 237, 243-44 (3d Cir.

2006).

Courts have held that statutes prohibiting the receipt and transportation of child pornography do not require that the images themselves must have crossed state lines. *See United States v. MacEwan*, 445 F.3d 237, 243-44 (3d Cir. 2006). In *MacEwan*, the court explained that the internet is an instrumentality and channel of interstate commerce. Further, the court noted that the "transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce." *Id*. at 244 (quoting *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002)).

The *MacEwan* Court held that Congress has the power to regulate the downloading of child pornography from the internet as the Commerce Clause has given Congress that power. Because the internet is an instrumentality and channel of interstate commerce, the transporting and downloading of images from the internet satisfies the jurisdictional element of § 2252A(a)(2). *See also United States v. Kimler*, 335 F.3d 1132, 1138 n. 7 (10th Cir. 2003), (defendant's activity "would still be interstate if, as the evidence at trial established, he sent and received the images in interstate commerce over the internet").

Second, Courts have held that Congress has the authority under the Commerce Clause to prohibit the receipt and possession of child pornography based on the fact that images and videos of child pornography are contained on material that has traveled in interstate or foreign commerce. In *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007), the defendant argued that 21 U.S.C. § 2251(a) was unconstitutional because he never transmitted any images of child pornography across state lines. The Court rejected his argument and explained that the use of a camera that has moved in interstate commerce provides a sufficient jurisdictional nexus to punish the offense under the Commerce Clause. *Id*. at 866.

The Eighth Circuit has repeatedly reached the same conclusion. *See, e.g., United States v. McCloud*, 590 F.3d 560, 568 (8th Cir. 2009); *United States v. Belcher*, 534 F.3d 820, 824 (8th Cir. 2008). In *McCloud*, the Court echoed that all the government had to prove to establish the jurisdictional nexus was that the memory card containing the child pornography had crossed state lines. *McCloud*, 590 F.3d at 569. Similarly, in *Belcher*, this Court rejected the argument that mere travel of the materials across state lines was insufficient to establish jurisdiction. Specifically, the *Belcher* court emphasized, "[m]ore than one panel of this Court has already rejected this precise constitutional attack." *Belcher*, 534 F.3d. at 824.

Third, it does not matter that the defendant's individual actions may not have commercially affected interstate commerce. The First Circuit Court of Appeals discussed this at length in *United States v. Morales-de Jesus,* "[h]owever, that 'apparent commercial character' does not depend on any intent by an individual defendant involved in the illegal conduct to introduce the proscribed visual depictions into commerce. In *Lopez* and *Morrison,* the Supreme Court discussed the type of activity broadly—as defined in the statute—when determining whether the regulated conduct was commercial or economic, and when discussing the attenuation of the link between the regulated activity and a substantial effect on interstate commerce. For example, *Lopez* focused on the fact that the GFSZA "is a criminal statute that *by its terms* has nothing to do with 'commerce' or any sort of economic enterprise, however broadly those terms are defined." *Lopez,* 514 U.S. at 549, 115 S.Ct. 1624 (emphasis added). . . . Likewise, in *Morrison,* the Court spoke of "gender-motived violence" generally, not the defendants' alleged rape of their college classmate. *Morrison,* 529 U.S. at 615, 120 S.Ct. 1740. *Lopez* and *Morrison* demand that the general subject of the statute, not the defendant's

individual activity, be economic in nature to justify aggregation under *Wickard.*" *United States v. Morales-de Jesus*, 372 F.3d 6, 19 (1st Cir. 2004).

As such, Section 2252A is a proper exercise of the Commerce Clause based on the requirement that the materials that were used to create the child pornography had traveled in interstate or foreign commerce and the internet, a facility of interstate commerce, was used to receive the child pornography. Accordingly, the District Court should deny Defendant Anderson's motion that the Court lacks jurisdiction in this case.

## IV.     CONCLUSION

The defendant's motion that the Court lacks jurisdiction should be denied. A federal district court has jurisdiction over the crimes the defendant is charged with under the Commerce Clause.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*s/ Colleen C. Lang*
Colleen C. Lang, #56872MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by email to stand-by counsel of record. A hard copy will be sent to the Defendant.

*s/ Colleen C. Lang*
Colleen C. Lang, #56872MO
Assistant United States Attorney